UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:

DONALD JEROME KIPNIS,                               CASE NO. 14-11370-BKC-RAM

                                                  CHAPTER 7

      Debtor.
_____/

BARRY E. MUKAMAL, as Chapter 7
Trustee of the Bankruptcy Estate of
Donald Jerome Kipnis,

      Plaintiff,

v.                                                  ADV. NO. 16-01045-RAM

DONALD JEROME KIPNIS, and ANALIA
KIPNIS a/k/a ANALIA RIVERO,

      Defendants.
_____/

### DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendants, DONALD JEROME KIPNIS, and ANALIA KIPNIS a/k/a ANALIA RIVERO (the *"Defendants"*), pursuant to Federal Rule of Bankruptcy Procedure 7012 and Local Rule 9013, hereby file this *Motion to Dismiss Plaintiff's Complaint* (the "*Motion*"), and in support thereof, state as follows:

### BACKGROUND

1. Donald Kipnis ("*D. Kipnis*" or the "*Debtor*") filed a voluntary petition for relief under Chapter 13 of Title 11 of the United States Code on January 21, 2014 (the "*Petition Date*").

2. On February 6, 2014, the Debtor converted his bankruptcy case to a case under Chapter 7 of Title 11 of the United States Code and Plaintiff was appointed as Chapter 7 Trustee.

3. Plaintiff filed his Complaint on January 15, 2016, seeking a declaratory judgment, turnover, and avoidance of a purportedly fraudulent transfer of real property.

4. In his Complaint, the Plaintiff alleges that in March 2005, the Debtor learned of significant tax liabilities assessed by the Internal Revenue Service (the "*IRS*"), totaling over $1,000,000.[1]

5. The Complaint further alleges that, in July 2005, the Debtor entered into a Premarital Settlement Agreement (the "*PSA*"), whereby he was to transfer title to his real property located at 2333 Brickell Avenue, Terrace C, Miami, Florida (the "*Condo*") to Analia Kipnis ("*A. Kipnis*"). On August 10, 2005, after the Debtor and A. Kipnis were married, a Quitclaim Deed was recorded, transferring title to the Condo from the Debtor to A. Kipnis.

6. The Complaint alleges that the conveyance of the Condo to A. Kipnis constituted an actually and constructively fraudulent transfer designed to shield the Condo from the Debtor's creditors, and particularly from the IRS, and seeks to avoid the transfer of the Condo or alternatively, recover the value of the Condo for the bankruptcy estate and for the benefit of the Debtor's creditors.

7. For the reasons more fully set forth below, the Complaint must be dismissed for failure to state a cause of action, as the claims therein are dependent on a finding that the transfer of the Condo was fraudulent under Florida state law. However, the statute of limitations ran long ago on such claims, and the Plaintiff may not use a longer statute of limitations applicable to the IRS for the benefit of creditors generally. Moreover, Florida state law is protective of residents'

---

[1] While the Defendants do not agree with the recitation of facts in the Complaint, such facts must be assumed as true by the Court and as such, will not be contested herein solely for the purpose of this Motion to Dismiss.

homesteads, and generally, transfers of a homestead between spouses are not considered fraudulent, regardless of either spouse's motivation in doing so. Homestead property is not available to creditors generally and therefore and transfer of homestead property cannot be considered a fraud on creditors.

## STANDARD OF REVIEW

To survive a motion to dismiss under Rule 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A court will accept as true all well pleaded facts, and construe those facts in favor of the plaintiff. *See, e.g.*, *Rosenfield v. HSBC Bank, USA,* 681 F.3d 1172, 1178 (10th Cir.2012). While the statute of limitations is normally an affirmative defense, *see* Fed.R.Civ.P. 8(c), dismissal of a case based on the statute of limitations "is appropriate when the plaintiff pleads himself out of court by alleging facts sufficient to establish the complaint's tardiness." *Cancer Found., Inc. v. Cerberus Capital Mgmt., LP*, 559 F.3d 671, 674-375 (7th Cr. 2009); *see also La Grasta v. First Union Securities, Inc.*, 358 F.3d 840, 845 (11th Cir. 2004) ("dismissal on statute of limitations grounds is appropriate only if it is 'apparent from the face of the complaint' that the claim is time-barred.") (internal citations omitted).

## MEMORANDUM OF LAW

### A. Counts III, IV, V, and VII

#### (1) The Statute of Limitations Bars These Claims

Counts III, IV, and V seek avoidance of the Debtor's transfer of the Condo to A. Kipnis as a fraudulent conveyance under state law. Count III is brought pursuant to Florida Statute § 726.105(1)(a), Count IV is brought pursuant to Florida Statute § 726.105(1)(b), and Count V is brought pursuant to Florida Statute § 726.106(1). Count VII is a count for unjust enrichment

brought under Florida common law, which alleges that A. Kipnis was unjustly enriched by the transfer of the Condo at the expense of the Debtor's creditors.

Section 726.110, Florida Statutes provides the applicable limitations periods for Counts III, IV, and V, and provides that claims not brought within the established time periods are "extinguished." Claims brought under §§ 726.105(1)(b) and 726.106(1) must be brought within four years after the transfer was made, and claims brought under § 726.105(1)(a) must be brought within four years after the transfer was made or, if later, within one year after the transfer was or reasonably could have been discovered. Fla. Stat. § 726.110(1)-(2). Regarding Count VII, for unjust enrichment, the applicable statute of limitations is four years. Fla. Stat. 95.11; *Merle Wood & Associates, Inc. v. Trinity Yachts, LLC*, 714 F.3d 1234, 1240 (11th Cir. 2013).

As is clearly pleaded on the face of the Complaint, the Condo was transferred in August 2005. Each of the claims is subject to a four year statute of limitations, which expired at the latest in August 2009 – more than four years prior to the Petition Date. The Quitclaim Deed was recorded on August 10, 2005, putting the world on notice that the Condo had been transferred, and as such, is the date that the transfer could have reasonably been discovered. It is clear from the face of the Complaint that Counts III, IV, V, and VII are well outside the applicable limitations periods.

Knowing that these claims fell outside the limitations period available to him under state law, the Plaintiff is attempting to invoke the extended ten year statute of limitations period available to the IRS pursuant to Section 6502 of the Internal Revenue Code, which provides that the IRS is subject to a ten year statute of limitations for collection of taxes. 26 U.S.C. § 6502(a)(1). This extended limitations period originates in the doctrine of *nullum tempus occurrit regi*, or "no time runs against the king," and "'finds its modern justification in the policy that

public rights, revenues, and property should not be forfeited due to the negligence of public officials.'" *In re Vaughan*, 498 B.R. 297, 304 (Bankr.D.N.M. 2013), quoting *U.S. v. Summerlin,* 310 U.S. 414, 416 (1940); *S.E.C. v. Rind,* 991 F.2d 1486, 1491 (9th Cir.1993).  As such, while general creditors or other interested parties have only four years to bring a fraudulent transfer claim in Florida, the IRS arguably has ten years to do so in the pursuit of its public duties.

While the collection of taxes may be a public interest, and the IRS' duty to collect those taxes a public duty, avoidance of fraudulent transfers by a bankruptcy trustee are not. The United States Supreme Court has found that "[a] bankruptcy trustee's right to recover a fraudulent conveyance is more accurately characterized as a private rather than a public right." *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 34 (1989); *see also Stern v. Marshall*, 564 U.S. 462, 493 (2011) (recounting and relying upon the *Granfinanciera* finding that the bankruptcy trustee's fraudulent conveyance action is private in its analysis of whether the bankruptcy court had authority to adjudicate a counterclaim).  Further, the Eleventh Circuit has found that where an action is of a private, as opposed to public, interest, a state statute of limitations is available as a defense.  *See S.E.C. v. Calvo*, 378 F.3d 1211, 1218 (11th Cir. 2004) ("When the United States brings suit in its sovereign capacity, a statute of limitations does not ordinarily apply unless Congress has expressly provided otherwise. … Where, however, the government's action vindicates a private interest, the defense is typically available."), quoting *United States v. Banks*, 115 F.3d 916, 919 (11th Cir.1997).  Thus, controlling law supports the conclusion that the Plaintiff's fraudulent conveyance action is most accurately described as a private, not public, right, and that the Florida statute of limitations should apply.

In *In re Vaughan*, 498 B.R. 297 (Bankr.D.N.M. 2013), the District of New Mexico analyzed a matter similar to the instant matter.   In that case, the bankruptcy trustee sought to avoid transfers under state law that on their face, were barred by the four year statute of

limitations. In order to avoid the operation of the four year limitations period, the trustee argued that because the IRS was a creditor in the bankruptcy, Section 544(b) permitted her to use the ten year statute of limitations applicable to the IRS to avoid those transfers that were otherwise outside the state statute of limitations. *Id.* at 302. The court disagreed, finding that case law only supported the government's right to avoid a state statute of limitations where the action was brought to vindicate a public, not private interest, and that where the trustee was pursuing the avoidance action for the benefit of the creditors generally, such an action did not involve public rights or interests and therefore, the state statute of limitations could act as a bar to trustee's claims. *Id.* at 304-307.[2]

Similarly, in the instant matter, the Plaintiff seeks to use the extended limitations period available only to the IRS for the benefit of the Debtor's creditors generally. While the assessment and collection of taxes by the IRS itself, for the benefit of the United States, may be a public function and of public interest, a bankruptcy trustee's fraudulent conveyance action is not. Instead, the Plaintiff's claims are of a private nature, of private interest, and therefore are subject to the four year statute of limitations prescribed by Florida state law. If the IRS were not a creditor in this matter, there would be no question that the August 2005 transfer of the Condo to A. Kipnis is well outside the statute of limitations, and no fraudulent transfer action would stand for either the Plaintiff or any other creditor in the Debtor's bankruptcy. The existence of the IRS as a creditor should not change that outcome because these claims are being pursued by the Trustee for the benefit of creditors generally, not the IRS for the benefit of the public. Therefore

---

[2] Defendants are aware of the case of *In re Kaiser*, 525 B.R. 697 (Bankr.N.D.Ill. 2014), which concludes that the trustee may use the ten year limitations period applicable to the IRS for the benefit of creditors generally, which is in conflict with *Vaughan*. However, Defendants posit that the analysis set forth by the court in *Vaughan* should assist in guiding this Court's analysis in the claims at issue, given the significant lapse of time and the sound policy behind allowing the IRS, as opposed to creditors generally, an extended limitations period for the collection of taxes for the public good.

these claims should be dismissed as barred by the statute of limitations, which for each claim, expired in August 2009.

### (2) The Homestead Property Could Not be Fraudulently Transferred

The Condo is the homestead property of A. Kipnis, and before it was owned by A. Kipnis, it was owned solely by the Debtor and was the Debtor's homestead. The Debtor transferred the Condo to A. Kipnis *after* their marriage in July 2005. The Plaintiff alleges that this was a fraudulent transfer, however, Florida law holds transfers of homestead properties between spouses is not fraudulent, as the property would not be reachable by a creditor regardless of the transfer. *See In re Short*, 188 B.R. 857 (Bankr.M.D.Fla. 1995) (debtor's transfer of homestead to non-debtor wife could not be deemed actually fraudulent because he acted permissibly under Florida law); *see also In re Fornabaio*, 187 B.R. 780 (Bankr.S.D.Fla. 1995) (debtor's transfer of homestead to non-debtor wife could not be considered fraudulent under Florida state law); *see also Volpitta v. Fields*, 369 So.2d 367, 369 (Fla. 4th DCA 1979) (the owner of homestead property "can transfer title to the property without committing a fraud upon his judgment creditor irrespective of his motivation."). Here, the Debtor transferred the Condo to his wife, an entirely permissible transfer under Florida law, and thus, not avoidable by the Plaintiff and certainly not avoidable long after the statute of limitations has run. The fact that the PSA contained other provisions regarding the costs and care of the property, and the disposition of the property following divorce or death, are inapposite where the transfer of homestead property was made to the Debtor's spouse.

### B. Counts I, II, and VI

Count I of the Complaint requests that the Court enter a declaratory judgment against the Defendants, determining that the Condo remained the property of the Debtor, and that the Condo is property of the bankruptcy estate. Count II of the Complaint requests turnover of the Condo

7
LAW OFFICES OF MELAND RUSSIN & BUDWICK, P.A.
3200 SOUTHEAST FINANCIAL CENTER, 200 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA 33131 • TELEPHONE (305) 358-6363

these claims should be dismissed as barred by the statute of limitations, which for each claim, expired in August 2009.

**(2) The Homestead Property Could Not be Fraudulently Transferred**

The Condo is the homestead property of A. Kipnis, and before it was owned by A. Kipnis, it was owned solely by the Debtor and was the Debtor's homestead. The Debtor transferred the Condo to A. Kipnis *after* their marriage in July 2005. The Plaintiff alleges that this was a fraudulent transfer, however, Florida law holds transfers of homestead properties between spouses is not fraudulent, as the property would not be reachable by a creditor regardless of the transfer. *See In re Short*, 188 B.R. 857 (Bankr.M.D.Fla. 1995) (debtor's transfer of homestead to non-debtor wife could not be deemed actually fraudulent because he acted permissibly under Florida law); *see also In re Fornabaio*, 187 B.R. 780 (Bankr.S.D.Fla. 1995) (debtor's transfer of homestead to non-debtor wife could not be considered fraudulent under Florida state law); *see also Volpitta v. Fields*, 369 So.2d 367, 369 (Fla. 4th DCA 1979) (the owner of homestead property "can transfer title to the property without committing a fraud upon his judgment creditor irrespective of his motivation."). Here, the Debtor transferred the Condo to his wife, an entirely permissible transfer under Florida law, and thus, not avoidable by the Plaintiff and certainly not avoidable long after the statute of limitations has run. The fact that the PSA contained other provisions regarding the costs and care of the property, and the disposition of the property following divorce or death, are inapposite where the transfer of homestead property was made to the Debtor's spouse.

**B. Counts I, II, and VI**

Count I of the Complaint requests that the Court enter a declaratory judgment against the Defendants, determining that the Condo remained the property of the Debtor, and that the Condo is property of the bankruptcy estate. Count II of the Complaint requests turnover of the Condo

7

LAW OFFICES OF MELAND RUSSIN & BUDWICK, P.A.
3200 SOUTHEAST FINANCIAL CENTER, 200 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA 33131 • TELEPHONE (305) 358-6363

pursuant to 11 U.S.C. § 542, which requires a determination that the Condo is part of the bankruptcy estate. Count VI of the Complaint demands recovery of the value of the avoided transfer. Like Counts I and II, this count requires that Counts III, IV, and V are successful and that the Condo transfer is actually avoided. As such, Count VI must be dismissed.

As is clear, Counts I, II, and VI are predicated on and derivative of counts II, IV, and V and their success depends entirely on the success of the Plaintiff in avoiding the transfer of the Condo under these other counts. As set forth above, Counts III, IV, and V are barred by the statute of limitations and further, the transfer of the Condo cannot be fraudulent as it is homestead property. Therefore, should the Court dismiss Counts III, IV, and V, the Court must also dismiss I, II, and VI.

**WHEREFORE**, the Defendants respectfully request that this Court enter an Order dismissing the Complaint for failure to state a cause of action, and for any other and further relief as this Court deems just and proper.

Dated: June 17, 2016.	Respectfully submitted,

s/ Peter D. Russin
Peter D. Russin, Esquire
Fla. Bar No. 765902
prussin@melandrussin.com
MELAND RUSSIN & BUDWICK, P.A.
3200 Southeast Financial Center
200 South Biscayne Boulevard
Miami, Florida  33131
Telephone: (305) 358-6363
Facsimile: (305) 358-1221

*Counsel for Donald Jerome Kipnis, and Analia Kipnis a/k/a Analia Rivero*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on June 17, 2016, via the Court's Notice of Electronic Filing upon the parties listed on the attached **Exhibit A.**

s/ Peter D. Russin  
Peter D. Russin, Esquire

# **Exhibit A**

**Electronic Mail Notice List**

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- Vincent F Alexander    vfa@kttlaw.com, lf@kttlaw.com
- Mindy Y. Kubs    myk@kttlaw.com
- Corali Lopez-Castro    clc@kttlaw.com, rcp@kttlaw.com
- Peter D. Russin    prussin@melandrussin.com, ltannenbaum@melandrussin.com;mrbnefs@yahoo.com;ltannenbaum@ecf.inforuptcy.com