UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:

DONALD JEROME KIPNIS,   CASE NO. 14-11370-BKC-RAM

CHAPTER 7

    Debtor.
_____/

BARRY E. MUKAMAL, as Chapter 7
Trustee of the Bankruptcy Estate of
Donald Jerome Kipnis,

    Plaintiff,

v.   ADV. NO. 16-01045-RAM

DONALD JEROME KIPNIS, and ANALIA
KIPNIS a/k/a ANALIA RIVERO,

    Defendants.
_____/

**DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION
TO DISMISS PLAINTIFF'S COMPLAINT**

    Defendants, DONALD JEROME KIPNIS ("*D. Kipnis*") and ANALIA RIVERO a/k/a ANALIA RIVERO KIPNIS ("*A. Kipnis*" and together with D. Kipnis, the "*Defendants*") hereby file this *Reply Memorandum in Support of Defendants' Motion to Dismiss Plaintiff's Complaint*, and in support thereof, state as follows:

**BACKGROUND**

    1.    Defendants filed their Motion to Dismiss Count Plaintiff's Complaint on June 17, 2016 [ECF No. 18] (the "*Motion to Dismiss*").

2. On July 15, 2016, Plaintiff filed his Response to the Motion to Dismiss [ECF No. 22] (the "***Response***").[1]

## LEGAL ARGUMENT

### A. The Statute of Limitations.

Plaintiff relies upon the fact that Defendants have argued a minority position with regard to the statute of limitations and use of the Internal Revenue Service (the "***IRS***") as the "golden" or "triggering" creditor in this case, allowing the Plaintiff to reach back *years* beyond the otherwise applicable statute of limitations for the benefit of all creditors. Any such argument ignores the fact that the Defendants' position has not been abrogated or otherwise rejected by the Eleventh Circuit Court of Appeals or the United States Supreme Court, and is based in sound policy concerns that should be of paramount interest to this Court.

Plaintiff primarily relies upon *In re Kaiser*, 525 B.R. 697 (Bankr.N.D.Ill. 2014), and Defendant relies upon *In re Vaughan Co.*, 498 B.R. 297 (Bankr.D.N.M. 2013), in their respective positions. Plaintiff specifically points out that "[t]he analysis conducted by the court in *Vaughan* was specifically considered and rejected in *Kaiser*." ECF 22, p. 9. The fact that the Bankruptcy Court for the Northern District of Illinois disagreed with *Vaughan* and that court's reasoning is by no means binding on this Court.

Unlike the *Kaiser* court, the *Vaughan* court gave great weight to policy considerations in determining that the bankruptcy trustee could not utilize the ten (10) year statute of limitations to reach back far beyond the otherwise applicable four (4) year state statute of limitations for fraudulent transfers. *Vaughan*, 498 B.R. at 302-306. The court analyzed the reasons why the

---

[1] While Plaintiff includes a rather lengthy recitation of facts in its "Background" section, these facts appear to be largely identical to the relevant facts as alleged in the Complaint. While Defendants do not agree with the recitation of facts in the Complaint or the Response, the facts as alleged in the Complaint must be assumed as true by the Court and as such, will not be contested herein solely for the purpose of the resolution of the Motion to Dismiss.

IRS was provided with a longer statute of limitations, and the history behind the applicability of state statutes of limitation to the federal government when vindicating public and private interests. *Id.* at 304-305.  Ultimately, while the court agreed that "the [t]rustee may stand in the shoes of any unsecured creditor to set aside transfers to third parties," it did "not necessarily follow, however, that a bankruptcy trustee standing in the shoes of the IRS is immunized from state statutes of limitation."  *Id.* at 304.  As the court further noted, federal government immunization from state statutes of limitation is available in the pursuit of *public* interests, but not in the vindication of *private* interests.  *Id.* at 304-305 (emphasis added).  As noted in the Motion, Plaintiff's actions here are decidedly private, as they are taken for the benefit of all creditors generally, and not for the sole benefit of the IRS. ECF No. 36, p. 4-5.  Thus, whereas here, Plaintiff seeks to vindicate a private interest for the benefit of all creditors, Plaintiff should not enjoy immunity from the Florida statute of limitations, which at the longest is four (4) years.

The *Vaughan* court considered another purpose behind not allowing the bankruptcy trustee to use the ten (10) year statute of limitations – that the IRS holds "an unsecured claim in a substantial portion of bankruptcy cases.  If a bankruptcy trustee … could recover transfers made within ten years before the petition date, it would eviscerate the … four-year look back period in most bankruptcy cases."  *Id.* at 305.  The same is true in the instant matter.  The IRS is likely a creditor in a large portion of bankruptcy cases filed in this District, and if the bankruptcy trustee in each of those cases can reach back not four (4) years, but ten (10) years to recover fraudulent transfers, a certain level of uncertainty in the bankruptcy process will emerge.  Debtors needing the protections that bankruptcy affords may be discouraged from filing based on an ability of the trustee to reach transfers that occurred years before the debtor may have ever even considered filing for bankruptcy.  The ramifications of such an ability affect not only the debtor, but third

parties with no other connection to the bankruptcy other than their receipt of a transfer in years long past.

While Plaintiff cites to numerous cases that support what he contends is the majority position, several of those cases are clearly distinguishable from the instant matter. In *In re Alpha Protective Services, Inc.*, 531 B.R. 889 (Bankr.M.D.Ga. 2015), the issue decided is distinct from the issue present here. In *Alpha*, the Bankruptcy Court for the Middle District of Georgia determined that the trustee could utilize the Federal Debt Collection Practices Act (the "**FDCPA**") as applicable law under Section 544(b)(1) of the Bankruptcy Code. *Id.* at 905-906. Here, the issue is not whether Plaintiff can utilize the Internal Revenue Code as applicable law at all, but specifically whether use of the extended statute of limitations provided in the Internal Revenue Code is permissible, given that the extended statute of limitations is uniquely applicable to the IRS and due to the private nature of this proceeding. In another case, *In re Tronox Inc.*, 503 B.R. 239, 272-275 (Bankr.S.D.N.Y. 2013), the Bankruptcy Court for the Southern District of New York similarly decided that the FDCPA could be used by the trustee as applicable law under Section 544 of the Bankruptcy Code. Of note in the *Tronox* matter is that the United States itself was actually a party to the proceeding in that it had filed its own complaint in intervention (also based on FDCPA claims). *Id.* at 272. Similarly, in *In re Porras*, 312 B.R. 81 (Bankr.W.D.Tex. 2004), the IRS was actually a party to the adversary proceeding. Unlike *Tronox* and *Porras*, the United States and/or the IRS are not parties to this action.

**B. Creditors Other than the IRS are Not Entitled to Avoid the Homestead Exemption.**

As discussed in the Motion to Dismiss, D. Kipnis transferred his homestead property to his wife, A. Kipnis, who since that time has claimed the property as her homestead. Transferring a homestead to one's spouse is not fraudulent under Florida law, and thus cannot be the subject

of avoidance via a fraudulent transfer action by Plaintiff. To the extent that the IRS, and the IRS alone, can place a lien on and potentially force the sale of homestead property, such a right belongs to no other creditor in this matter, and certainly does not belong to Plaintiff. Thus, allowing the other creditors to enjoy a windfall simply because the IRS happens to be a creditor in this case should not be permitted by this Court. Additionally, even if a sale took place, any proceeds from the sale (other than those used to satisfy the IRS lien) may still be protected by the homestead exemption and thus, still out of the reach of all other creditors and Plaintiff. *See Kerzner v. Kerzner*, 77 So.3d 214 (Fla. 3d DCA 2011). In short, the general creditors should not be able to avoid the protections provided to Defendants by Florida law in order obtain a benefit they would never otherwise enjoy simply because the IRS is a creditor of D. Kipnis.

### C. The Remaining Counts Depend on the Fact that a Fraudulent Transfer Occurred.

Plaintiff argues that Counts I (declaratory judgment) and II (turnover) are not derivative of his fraudulent transfer claims and thus should survive regardless of whether the fraudulent transfer counts are dismissed. Defendants maintain that these counts are derivative of the fraudulent transfer claims, as they are premised on the same idea that a legal transfer actually occurred but that said transfer was part of a fraudulent scheme and thus ineffective. Thus, if this Court were to find that the transfer was not fraudulent, there would be no basis for recovery by Plaintiff under Counts I and II.

Plaintiff states that Count I is "premised on the theory that the Debtor never truly transferred the Condo to Analia." ECF 22, pg. 12. However, the Complaint specifically references that legal title to the Condo was transferred to A. Kipnis. ECF No. 1, p. 4-5. A claim based on the theory that the Condo was not actually transferred simply does not hold water where it is clear from the face of the Complaint that the Condo actually was legally transferred.

The ultimate question presented by the Complaint is whether the transfer was fraudulent, not whether it actually occurred.

## CONCLUSION

Plaintiff's fraudulent transfer claims should be barred by the applicable Florida statute of limitations, which is four (4) years, and regardless of whether the IRS alone can place a lien on and force a sale of homestead property, D. Kipnis' other creditors certainly cannot do so and should not enjoy a windfall simply because the IRS is a creditor in this bankruptcy proceeding. Lastly, Plaintiff's claims for declaratory relief and turnover are derivative of his fraudulent transfer claims, and thus, if the fraudulent transfer claims are dismissed, the remaining claims in the Complaint should be dismissed along with them.

**WHEREFORE**, the Defendants respectfully request that this Court enter an Order granting the Motion to Dismiss, dismissing Plaintiff's Complaint in its entirety, and for any and all further relief this Court deems just and appropriate.

Dated: July 29, 2016.

                                                                                                   Respectfully submitted,

                                                                                                   s/ Peter D. Russin
                                                                                                   Peter D. Russin, Esquire
                                                                                                   Fla. Bar No. 765902
                                                                                                   prussin@melandrussin.com
                                                                                                   MELAND RUSSIN & BUDWICK, P.A.
                                                                                                   3200 Southeast Financial Center
                                                                                                   200 South Biscayne Boulevard
                                                                                                   Miami, Florida  33131
                                                                                                   Telephone: (305) 358-6363
                                                                                                   Facsimile: (305) 358-1221

                                                                            *Counsel for Donald Jerome Kipnis, and Analia Kipnis a/k/a Analia Rivero*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served on July 29, 2016, via the Court's Notice of Electronic Filing upon the parties listed on the attached **Exhibit 1.**

s/ Peter D. Russin
Peter D. Russin, Esquire

**Electronic Mail Notice List**

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- Vincent F Alexander    vfa@kttlaw.com, lf@kttlaw.com
- Mindy Y. Kubs    myk@kttlaw.com
- Corali Lopez-Castro    clc@kttlaw.com, rcp@kttlaw.com
- Peter D. Russin    prussin@melandrussin.com, ltannenbaum@melandrussin.com;mrbnefs@yahoo.com;ltannenbaum@ecf.inoruptcy.com

**EXHIBIT 1**