UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:

DONALD JEROME KIPNIS,   CASE NO. 14-11370-BKC-RAM

　　　　　　　　　　　　　　CHAPTER 7

　　　　Debtor.
_____/

BARRY E. MUKAMAL, as Chapter 7
Trustee of the Bankruptcy Estate of
Donald Jerome Kipnis,

　　　　Plaintiff,

v.   ADV. NO. 16-01045-RAM

DONALD JEROME KIPNIS, and ANALIA
KIPNIS a/k/a ANALIA RIVERO,

　　　　Defendants.
_____/

**DEFENDANT'S MOTION FOR RECONSIDERATION
OF ORDER DENYING MOTIONS TO DISMISS [ECF NO. 27]**

　　　　Defendants, DONALD JEROME KIPNIS ("***D. Kipnis***") and ANALIA RIVERO a/k/a ANALIA RIVERO KIPNIS ("***A. Kipnis***" and together with D. Kipnis, the "***Defendants***"), pursuant to 11 U.S.C. § 105(a), Federal Rule of Bankruptcy Procedure 9024, and Federal Rules of Civil Procedure 60(b)(1) and 60(b)(6), hereby file this *Motion for Reconsideration of Order Denying Motions to Dismiss* ("***Motion for Reconsideration***"), and in support thereof, state as follows:

## BACKGROUND[1]

1. Donald Kipnis ("***D. Kipnis***" or the "***Debtor***") filed a voluntary petition for relief under Chapter 13 of Title 11 of the United States Code on January 21, 2014 (the "***Petition Date***").

2. On February 6, 2014, the Debtor converted his bankruptcy case to a case under Chapter 7 of Title 11 of the United States Code and Plaintiff was appointed as Chapter 7 Trustee.

3. Plaintiff filed his Complaint on January 15, 2016, seeking a declaratory judgment, turnover, and avoidance of a purportedly fraudulent transfer of real property.

4. The Complaint alleges that, in July 2005, the Debtor entered into a Premarital Settlement Agreement (the "***PSA***"), whereby he was to transfer title to his real property located at 2333 Brickell Avenue, Terrace C, Miami, Florida (the "***Condo***") to Analia Kipnis ("***A. Kipnis***").  On August 10, 2005, after the Debtor and A. Kipnis were married, a Quitclaim Deed was recorded, transferring title to the Condo from the Debtor to A. Kipnis.

5. The Complaint alleges that the conveyance of the Condo to A. Kipnis constituted an actually and constructively fraudulent transfer designed to shield the Condo from the Debtor's creditors, and particularly from the IRS, and seeks to avoid the transfer of the Condo or alternatively, recover the value of the Condo for the bankruptcy estate and for the benefit of the Debtor's creditors.

6. On June 17, 2016, Defendants filed their Motion to Dismiss Plaintiff's Complaint [ECF No. 18] (the "***Motion to Dismiss***").

7. On July 15, 2016, Plaintiff filed his Response to the Motion to Dismiss [ECF No. 22] (the "***Response***").

---

[1] While the Defendants do not agree with the recitation of facts in the Complaint, such facts are assumed as true for the purposes of a motion to dismiss.  As such, the facts as recited in the Complaint will not be contested herein solely for the purpose of this Motion for Reconsideration.

8. On July 29, 2016, Defendants filed their Reply Memorandum in Support of Defendants' Motion to Dismiss Plaintiff's Complaint [ECF No. 26] (the "***Reply***").

9. On August 2, 2016, the Court heard oral argument from the parties on the Motion to Dismiss.

10. On August 31, 2016, the Court entered its Order Denying the Motions to Dismiss [ECF No. 27] (the "***Order***").

## LEGAL ARGUMENT

### I. Legal Standard.

Pursuant to 11 U.S.C. § 105(a), this Court has the authority to "issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title." "A motion for reconsideration should raise new issues, not merely address issues litigated previously." *In re Martinez*, 266 B.R. 523, 538 (Bankr.S.D.Fla. 2001), *citing Socialist Workers Party v. Leahy,* 957 F.Supp. 1262, 1263 (S.D.Fla.1997). "A motion for reconsideration is typically granted on one of the following grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or manifest injustice." *In re Peralta Food Corp.*, 2008 WL 552548, at *1 (Bankr.S.D.Fla. Feb. 26, 2008), *citing McDonough v. Am. Intern. Corp.,* 905 F.Supp. 1016, 1023 (M.D.Fla.1995) and *Fernandez v. Bankers Nat'l Life Ins. Co.,* 906 F.2d 559, 569 (11th Cir.1990).

The Order is also reviewable by the Court under Rules 60(b)(1) and 60(b)(6) of the Federal Rules of Civil Procedure, made applicable to these proceedings by Rule 9024 of the Federal Rules of Bankruptcy Procedure. Rule 60(b) of the Federal Rules of Civil Procedure provides, in relevant part: "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake,

inadvertence, surprise, or excusable neglect; … or (6) any other reason that justifies relief." This Motion is timely under Rule 60(c) as is made within a reasonable time, and not more than a year after entry of the Order, and is brought within the time allowed to perfect an appeal. *See In re Adeleke*, 2012 WL 2953195, at * 3 (Bankr.S.D.Fla. 2012) (discussing that motions for reconsideration brought under Rule 60(b)(1) must be brought within the time permitted to perfect an appeal).

## II. Summary of Argument.

Section 544(b) does not give a trustee any greater rights than the triggering creditor, here, the IRS. The justification warranting reconsideration of the Order rests with the Defendants' assertion that the Order interprets the IRS' ability to assess and collect taxes pursuant to 26 U.S.C. § 6502(a)(1) for a period of ten (10) years from assessment to apply to the IRS' look-back period under applicable fraudulent transfer law for the IRS to recover a fraudulent conveyance. However, the IRS' ability to recover fraudulent conveyances is prescribed by either state law or 28 U.S.C. § 3001, *et seq.* (the "**Federal Debt Collections Procedure Act**" or "**FDCPA,**" a subsection of the Fair Debt Collections Practices Act), which is generally limited to six (6) years.

The IRS has available to it the FDCPA, which provides government creditors with causes of action for avoidance of fraudulent transfers. In bringing these causes of action under the FDCPA, a government creditor is subject to a look-back period of six (6) years (a "**Fraudulent Conveyance Look-Back Period**").[2] Reading 26 U.S.C. § 6502(a)(1) to mean only what it says, and looking to what laws are applicable to the IRS in pursuing their collections activities does not offend the Court's Order determining the clear language of 11 U.S.C § 544(b) and gives the trustee only those rights held by the triggering creditor, nothing more.

---

[2] The Order references case law that reaches the conclusion that the United States is not limited by state statutes of limitation. However, those cases do not hold that the federal government is not limited by its own statutes of limitation or look-back periods.

**III.** **26 U.S.C. § 6502 is a Collections Statute, Not a Look-Back Statute.**

Section 6502(a)(1) of title 26 of the United States Code, 26 U.S.C. § 1, *et seq*. (the "***IRC***") provides that "[w]here the assessment of any tax imposed by this title has been made within the period of limitation properly applicable thereto, such tax may be *collected* by levy or by a proceeding in court, but only if the levy is made *or the proceeding begun* (1) within 10 years after the assessment of the tax" (emphasis added). By its own, plain, unambiguous terms, the IRS has ten (10) years to *begin a proceeding* in order to collect taxes (the "***Collections Period***"). What it does not provide, however, is a ten (10) year fraudulent conveyance *look-back* period from the time it begins that proceeding. As argued at the August 2, 2016 hearing, the Collections Period is akin to a judgment statute, such as Section 95.11(1) of the Florida Statutes, which provides a statute of limitations of twenty (20) years to institute an action on a judgment in Florida. Section 6502(a)(1) of the IRC is no different – it is simply a statute that provides the IRS with a specific period in which to institute a proceeding to effectuate collection. It is not a statute of limitation that applies to the merits of every collection action instituted by the IRS under applicable state or federal law. As noted by this Court in the Order, in interpreting statutes, the Court must start by looking at the statute's plain meaning. ECF No. 27, p. 12. *See also U.S. v. Silva*, 443 F.3d 795, 797–98 (11th Cir. 2006) ("The first rule in statutory construction is to determine whether the language at issue has a plain and unambiguous meaning with regard to the particular dispute. If the statute's meaning is plain and unambiguous, there is no need for further inquiry.") (internal quotations and citations omitted).

**IV.** **As a Collections Statute, 26 U.S.C. § 6502 is Still Subject to Look-Back Periods Prescribed by Applicable Law.**

As stated in the Order, establishment of transferee liability under the IRC is dependent on what "law" or "equity" is applicable to the proceedings. However, the Order then states that

"[t]o establish transferee liability the IRS *must* rely upon applicable state law." ECF No. 27, p. 8 (emphasis added) (internal citations omitted). While the Defendants appreciate the Court's recognition that the IRC itself does not provide a mechanism for establishing transferee liability, the Defendants disagree that the IRS must only use state law to establish such liability. The IRS may also use federal law to establish transferee liability – the FDCPA. Numerous bankruptcy courts have determined that the FDCPA may be used by a bankruptcy trustee standing in the shoes of a governmental creditor as "applicable law" pursuant to Section 544(b) of the Bankruptcy Code. *See, e.g. Gordon v. Harrison (In re Alpha Protective Servs.)*, 531 B.R. 889,906 (Bankr.M.D.Ga. 2015); *In re Pfister*, 2012 WL 1144540, at *5 (Bankr.D.S.C. Apr. 4, 2012); *In re Porter*, 2009 WL 902662, at *20-21 (Bankr.N.D.Iowa 2011).

The FDCPA sections pertaining to fraudulent transfers are substantively identical to those adopted by Florida. *Cf.* Fla. Stat. § 726.105(1)(a) with 28 U.S.C. § 3304(b)(1)(A); *Cf.* Fla. Stat. § 726.105(1)(b) with 28 U.S.C. § 3304(b)(1)(B); *Cf.* Fla. Stat. 726.106(1) with 28 U.S.C. § 3304(a)(1).[3] As discussed in the Motion to Dismiss, causes of action brought under Fla. Stat. § 726.105(1)(a), such as Count III, must be brought within four (4) years "after the transfer was made or the obligation was incurred, or, if later, within 1 year after the transfer or obligation was or reasonably could have been discovered by the claimant." Fla. Stat. § 726.110(1). Section 3304(b)(1)(A) of the FDCPA is subject to a similar, but longer, look-back period of six (6) years "after the transfer was made, or, if later, within 2 years after the transfer or obligation was or could reasonably have been discovered by the claimant." 28 U.S.C. § 3306(b)(1). Causes of action brought under Fla. Stat. §§ 726.105(1)(b) and 726.106(1), such as Counts IV and V, must be brought within four (4) years after the transfer was made or obligation was incurred, and

---

[3] For the purposes of this Motion, the Defendants have cited only those causes of action under the FDCPA that are identical to those brought by the Plaintiff under Florida law.

causes of action brought under 28 U.S.C. §§ 3304(b)(1)(B) and 3304(a)(1) must be brought within six (6) years after the transfer was made or obligation was incurred. Fla. Stat. § 726.110(2), 28 U.S.C. § 3306(b)(2). Once these look-back periods (the "*Fraudulent Conveyance Look-Back Periods*") have expired, the causes of action are "extinguished" under both Florida law and the FDCPA. Fla. Stat. § 726.110, 28 U.S.C. § 3306(b). Thus, at the time a cause of action is initiated, a plaintiff can only avoid those fraudulent transfers within the Fraudulent Conveyance Look-Back Periods provided by the applicable statute(s).

In *Alpha Protective Services*, the Bankruptcy Court for the Middle District of Georgia concluded that, pursuant to the language of Section 544(b) of the Bankruptcy Code, a bankruptcy trustee could step into the shoes of the IRS under the FDCPA. *In re Alpha Protective Servs.*, 531 B.R. at 908. However, this was not the end of the inquiry. The court, in analyzing the timeliness of the fraudulent transfer claims brought under the FDCPA, found that some of the claims (particularly the insider preference claims) were barred by the applicable limitations periods, and specifically stated that "[a]lthough it is true that § 6502(a)(1) [of the IRC] allows the IRS a ten year period to bring a collection action … [there is] nothing in § 6502(a)(1) that provides for an extension of the two year reach back period outlined in § 3306(b)(3) [of the FDCPA] for insider preference actions brought under § 3304(a)(2) [of the FDCPA]. Section 6502(a)(1) [of the IRC] provides a 'limitation period,' rather than a 'reach back period' as provided in § 3306 [of the FDCPA]." *Id.* at 908-909. The plain language of Section 6502 of the IRC does not provide for an extension of the statute of limitation or look-back period of the state or federal law the IRS is using to collect, it simply provides the IRS ten (10) years to take any collection actions.

Even if the causes of action were brought under the FDCPA and thus enjoyed the longer look-back period, the look-back period was extinguished by August 11, 2011 (6 years and 1 day

after the subject transfer).  The Plaintiff cannot argue that, with regard to Count III, he should receive the benefit of an additional one (1) or two (2) years as provided by Fla. Stat. § 726.110(1) and 28 U.S.C. § 3306(b)(1).  The Quitclaim Deed was recorded on August 10, 2005, putting the entire world on notice of the transfer of the Condo, and thus is the date that the transfer could reasonably have been discovered under either Florida law or the FDCPA.  As of the Petition Date, more than two (2) years and five (5) months had lapsed since the ability to bring a cause of action using a six (6) year look-back period under the FDCPA extinguished.

      Movants request that this Court reconsider the Order so as to give meaning to the law that limits the IRS, as the Plaintiff can have no greater rights than the IRS under Section 544(b) of the Bankruptcy Code.  In order to do so, the fraudulent transfer provisions of the FDCPA which limits the IRS' rights to pursue fraudulent conveyance should be considered in the Court's analysis.  Not to do so would render the provisions of the FDCPA meaningless.  If it were true that a governmental creditor could use state fraudulent transfer laws and be subject to essentially no look-back period (except for any limitation on the period of collections), those FDCPA provisions would be of no use to it and would lead to absurd results.  *See, e.g., U.S. v. American Trucking Assn's*, 310 U.S. 534, 543 (1940) (where the plain meaning of a statute leads to absurd or futile result, a court may look beyond the words to the purpose of the statute); *Armstrong Pain & Varnish Works v. Nu-Enamel Corp.*, 305 U.S. 315, 333 (1938) ("to construe statutes so as to avoid results glaringly absurd has long been a judicial function").  Congress saw fit to enact the fraudulent transfer provisions of the FDCPA, along with the time limitations on bringing those fraudulent transfer actions, perhaps demonstrating a recognition that fraudulent transfer look-back periods are necessary for protection and certainty under law, while at the same time providing government creditors with two (2) years of additional time to pursue avoidance actions

not enjoyed by private creditors in Florida. At a minimum, the government, and here the IRS, should be subject to its own look-back periods under the FDCPA. In this case, each of the Fraudulent Conveyance Look-Back Periods have long since expired.

## CONCLUSION

The Collections Period and the Fraudulent Conveyance Look-Back Periods are not synonymous and one does not cancel out the other – they can and must be read together to give each the effect intended. To interpret them otherwise and not subject the IRS to any look-back period could lead to absurd results – the IRS could timely institute a collection proceeding within the Collections Period, and use a state avoidance statute to reach an asset that was transferred 50 years ago.

Applying the Fraudulent Conveyance Look-Back Periods, whether prescribed by Florida law or federal law, does not have any effect on the continued ability of the IRS to effectuate collections during the ten (10) year period federal law provides. However, in this case, that collections effort cannot include avoiding a transfer made in 2005. Interpreting the statutes in this way, as they are unambiguously written, does not offend this Court's ruling as to the clear language of Section 544(b) of the Bankruptcy Code, and ensures that a bankruptcy trustee is not given any greater right or power than that held by the triggering creditor.

As argued in the Motion to Dismiss and incorporated herein, Plaintiff's claims for declaratory relief and turnover are derivative of his fraudulent transfer claims, and thus, if the fraudulent transfer claims are dismissed, the remaining claims in the Complaint should be dismissed along with them.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

**WHEREFORE**, the Defendants respectfully request that this Court enter an Order granting the Motion for Reconsideration, vacate the Order Denying the Motions to Dismiss, enter an Order granting the Motion to Dismiss, and for any and all further relief this Court deems just and appropriate.

Dated: September 14, 2016.

                                                  Respectfully submitted,

                                                  s/ Peter D. Russin
Peter D. Russin, Esquire
Fla. Bar No. 765902
prussin@melandrussin.com
MELAND RUSSIN & BUDWICK, P.A.
3200 Southeast Financial Center
200 South Biscayne Boulevard
Miami, Florida  33131
Telephone: (305) 358-6363
Telefax: (305) 358-1221

*Counsel for Donald Jerome Kipnis, and Analia Kipnis a/k/a Analia Rivero*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served on September 14, 2016, via the Court's Notice of Electronic Filing upon the parties listed on the attached **Exhibit 1.**

s/ Peter D. Russin
Peter D. Russin, Esquire

# **Exhibit 1**

## Electronic Mail Notice List

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- Vincent F Alexander    vfa@kttlaw.com, lf@kttlaw.com
- Mindy Y. Kubs    myk@kttlaw.com
- Corali Lopez-Castro    clc@kttlaw.com, rcp@kttlaw.com
- Peter D. Russin    prussin@melandrussin.com, ltannenbaum@melandrussin.com;mrbnefs@yahoo.com;ltannenbaum@ecf.inforuptcy.com